UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK                         FOR PUBLICATION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                Chapter 7

    AMELIA M. SOTO,
                                                    Case No. 13-13208 (BRL)
                              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
Telephone:  (212) 218-5500
Facsimile:   (917) 344-1202
By:     Pinchos N. Goldberg, Esq.

*Counsel for Tausik Brothers LLC*

LANCE ROGER SPODEK, P.C.
330 West 58 Street
Suite 306
New York, NY 10019
Telephone:   (212) 586-8606
Facsimile:   (212) 586-8624
By:     Lance Roger Spodek

*Counsel for the Debtor*

Before: Hon. Burton R. Lifland
         United States Bankruptcy Judge

**MEMORANDUM DECISION SUSTAINING TAUSIK BROTHERS LLC'S OBJECTION
TO DEBTOR'S SECTION 362(*l*)(1) CERTIFICATION**

       Before the Court is the objection (the "Objection") of Tausik Brothers LLC ("Tausik") to

Amelia M. Soto's (the "Debtor") certification made pursuant to section 362(*l*)(1) of the United

States Bankruptcy Code (the "Code").  For the reasons set forth below and at the hearing, the

Objection is SUSTAINED.

## BACKGROUND

Tausik leased apartment 16-H/N of 301 East 21st Street, New York, NY (the "Apartment") to the Debtor pursuant to a lease (the "Lease") which expired nearly two years ago on December 31, 2011. *See* Objection (Dkt. No. 7), p. 1. After the Debtor failed to vacate the Apartment in January 2012, Tausik commenced a summary holdover proceeding (the "Holdover Proceeding") against the Debtor before the Civil Court of the City of New York (the "State Court"). *See id.* at p. 2. The State Court held a trial at which the Debtor put forth a defense on the merits, which included the filing of multiple orders to show cause that were denied. *See* Tausik Brothers LLC's Reply in Further Support of Its Objection to Debtor's Section 362(*l*)(1) Certification [hereinafter the "Reply"] (Dkt. No. 14), p. 3. On March 5, 2013, the State Court awarded Tausik a judgment of possession (the "Judgment"), but stayed execution of the warrant of eviction until September 4, 2013. *See* Objection, p. 2. The Judgment thus gave the Debtor six months to vacate the Apartment, but required her to pay Tausik for use of occupancy of the Apartment during the stay of execution as well as nearly $40,000 in attorneys' fees. *See id.* During such time, the Debtor had the opportunity to move for a stay and perfect an appeal in state court. Rather than vacate the Apartment, however, the Debtor filed for bankruptcy on October 1, 2013. *See id.*

On the second page of her bankruptcy petition, the Debtor certified pursuant to section 362(*l*) of the Code ("Section 362(*l*)") that (1) Tausik has the Judgment against her; (2) there are circumstances under applicable non-bankruptcy law under which she would be permitted to cure the entire monetary default giving rise to the Judgment; (3) she deposited with the court thirty days post-petition rent; and (4) she served Tausik with the certification. *See* Voluntary Petition (Dkt. No. 1), p. 2. Tausik filed the instant Objection to the Debtor's certification on October 15,

2013. The Debtor filed her opposition (the "Opposition") to the Objection on October 22, 2013. *See* Affirmation in Support of Continuation of Stay (Dkt. No. 9). Tausik then filed the Reply on October 24, 2013. On October 25, 2013, the Clerk of the Court issued a notice to the Debtor and Tausik stating that the debtor failed to satisfy the requirements of Section 362(*l*)(1)(B) and Local Rule 4001-1.1. *See* Notice to Debtor and Landlord (Dkt. No. 11), p. 1.

## DISCUSSION

Section 362(b)(22) of the Code ("Section 362(b)(22)") terminates the automatic stay as to residential eviction proceedings by lessors that have obtained a prepetition judgment for possession of property. 11 U.S.C. § 362(b)(22). However, Section 362(*l*) provides a safe harbor from the operation of Section 362(b)(22) if the debtor (1) certifies that circumstances exist under applicable non-bankruptcy law that would allow the debtor to cure the entire monetary default; and (2) deposits with the bankruptcy court clerk all rent due to the landlord within the thirty-day period following the bankruptcy filing. 11 U.S.C. § 362(*l*). Local Rule of Bankruptcy Procedure 4001-1.1 ("Local Rule 4001-1.1") further provides that a debtor is deemed to comply with Section 362(*l*)(1) by (1) checking the appropriate boxes on the petition; and (2) delivering to the clerk of the bankruptcy court a certified cashier's check or money order payable to the lessor in the amount of thirty days post-petition rent as well as a copy of the judgment of possession. L. R. Bankr. P. 4001-1.1. If the debtor satisfies these requirements, the stay is re-imposed for thirty days to allow the debtor to cure the entire default and file a second certification that it has done so. 11 U.S.C. § 362(*l*); *see also In re Williams*, 371 B.R. 102, 106–07 (Bankr. E.D. Pa. 2007). If a debtor fails to perform either certification or the court upholds the lessor's objection to a certification, "subsection (b)(22) shall apply immediately," and "relief from the stay

3

provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property." 11 U.S.C. §§ 362(*l*)(3)(B)(i), (*l*)(4)(A).

The Objection presents the issue of whether the Debtor's certification meets the requirements of Section 362(*l*)(1) so as to circumvent Section 362(b)(22) and thereby temporarily re-impose the automatic stay.  The Court finds that the Debtor's certification fails for two reasons.  <u>First</u>, the Debtor cannot certify that there are circumstances under applicable non-bankruptcy law under which the debtor would be permitted to cure the entire monetary default giving rise to the Judgment as required by Section 362(*l*)(1)(A).  <u>Second</u>, the Debtor did not deposit with the Clerk of the Court thirty days post-petition rent as required by Section 362(*l*)(1)(B) and Local Rule 4001-1.1.  <u>Moreover</u>, the Court finds no basis to invoke its equitable powers under section 105(a) of the Code ("Section 105(a)") to waive the requirements of Section 362(*l*).

**I.     The Debtor Cannot Comply With Section 362(*l*)(1)(A) Because the Judgment Arose from a Non-Monetary Default**

Section 362(*l*)(1)(A) requires the Debtor to certify that "under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the *entire monetary default* that gave rise to the judgment for possession, after that judgment for possession was entered." 11 U.S.C. § 362(*l*)(1)(A) (emphasis added).  Here, the Judgment did not arise from a monetary default.  Rather, it arose from the expiration of the Lease, a non-monetary default.  Section 362(*l*) of the Code does not prevent the operation of Section 362(b)(22) where the judgment of possession is based on a non-monetary default. *See In re Griggsby*, 404 B.R. 83, 88–89 (Bankr. S.D.N.Y. 2009) (holding that Section 362(*l*) does not apply where the judgment of possession is based on a non-monetary default); *In re Harris,* 424 B.R. 44, 54 (Bankr. E.D.N.Y. 2010) ("Section 362(*l*) does not protect a debtor from the

4

operation of Section 362(b)(22) when a landlord's underlying judgment of possession is based on a non-monetary default."); *In re Alberts,* 381 B.R. 171, 177 n.5 (Bankr. W.D. Pa. 2008) (holding that Section 362(*l*)'s safe harbor does not apply where the "judgment [of possession] arose from the Debtor's continued occupancy of the Premises as a holdover tenant after her right of occupancy expired . . ."). Thus, the Debtor's certification fails because the Judgment was not based on a monetary default as is required for Section 362(*l*) to apply. Moreover, because the Debtor defaulted by remaining in the Apartment past the expiration of the Lease, even if Section 362(*l*) did apply to nonmonetary defaults, the Debtor could only cure by vacating the Apartment.

### II.     The Debtor Did Not Comply With Section 362(*l*)(1)(B) and Local Rule 4001-1.1

Furthermore, Section 362(*l*)(1)(B) requires that "the debtor . . . deposit[] with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition." 11 U.S.C. § 362(*l*)(1)(B). Local Rule 4001-1.1(a)(2) requires the Debtor to "deliver[] to the Clerk, together with the Voluntary Petition (or within one day of the filing, if the Voluntary Petition is filed electronically): (A) a certified or cashier's check or money order, made payable to the lessor, in the amount of any rent that would become due during the thirty-day period after the filing of the petition; and (B) a copy of the judgment of possession." L. R. Bankr. P. 4001-1.1(a)(2). If the debtor does so and the lessor does not object to the certification within fourteen days, the Clerk of the Court then transmits the check to the lessor. *See* 11 U.S.C. 362(*l*)(5)(D); L. R. Bankr. P. 4001-1.1(b).

The Debtor did not comply with these requirements. The Debtor asserts that she attempted to file a bank check with the Clerk of the Court for thirty days post-petition rent. *See* Opposition, p. 2. However, the check was refused because it was made payable to the Clerk of the Court rather than to Tausik (the lessor) as required by Local Rule 4001-1.1. *See* Objection,

5

p. 4; *see also* L. R. Bankr. P. 4001-1.1 (requiring the post-petition rent check to be made payable to the lessor and then transmitted by the Clerk of the Court to the lessor). In any event, the bank check was not filed nor turned over to Tausik. Further, there is no indication that the Debtor attempted to file a copy of the Judgment with the Clerk of the Court. Indeed, on October 23, 2013, the Clerk of the Court issued to the Debtor and Tausik a notice that the debtor failed to satisfy the requirements of Section 362(*l*)(1)(B) and Local Rule 4001-1.1, along with a certified copy of the docket report. *See* Notice to Debtor and Landlord (Dkt. No. 11); Certified Copy of Docket Report (Dkt. No. 12).

### III. It Is Inappropriate For The Court To Invoke Section 105(a) To Waive The Requirements Of Section 362(*l*)

The Debtor argues that the particular circumstances of this case provide a basis for this Court to invoke its equitable powers under Section 105(a) to continue the stay for a limited period of time. However, "it is not appropriate to employ section 105(a) when doing so would subvert the clear provisions of sections 362(b)(22) and 362(l) and would impair rights or create additional rights that are not provided by the Code." *In re Tucker*, No. 05-15001, 2005 WL 5607595 (Bankr. N.D. Ga. Nov. 18, 2005); *see also Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988) (finding that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *In re Smart World Technologies, LLC*, 423 F.3d 166, 183–84 (2d Cir. 2005) ("This Court has long recognized that Section 105(a) limits the bankruptcy court's equitable powers, which must and can only be exercised within the confines of the Bankruptcy Code.") (quotations omitted). Indeed, Section 105(a) is "not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules." *Official Comm. of Equity Sec. Holders v. Mabey,* 832 F.2d 299, 302 (4th Cir. 1987).

Here, re-imposing the stay would prevent Tausik from exercising its substantive rights under Section 362(b)(22). Tausik has been entitled to possession of the apartment for nearly two years. The Debtor has had the full opportunity to defend on the merits in the Holdover Proceeding. Indeed, the State Court denied the Debtor's multiple orders to show cause challenging the Judgment. Moreover, the Judgment stayed execution of the warrant of eviction for six months, providing the Debtor the opportunity to seek to vacate the warrant and appeal the Judgment. Accordingly, the Court finds no basis to employ its equitable powers under Section 105(a) under these circumstances.

## CONCLUSION

In light of the foregoing, the Objection is SUSTAINED. Tausik is directed to submit an order consistent with this Bench Memorandum.



Dated: October 29, 2013
     New York, New York

/s/ Burton R. Lifland
_____
Burton R. Lifland
United States Bankruptcy Judge